UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCOTT CAWTHON,

                Plaintiff,

      -v.-

YAOYAGE,

                Defendant.

22 Civ. 7279 (JHR)

MEMORANDUM OPINION & ORDER

---

JENNIFER H. REARDEN, District Judge:

Plaintiff seeks to serve Defendant, allegedly "an individual in a foreign country," by alternative process. ECF No. 16 (Pl.'s Br.) at 6. Specifically, Plaintiff asserts that email service is a proper means of serving a defendant located in China under Federal Rule of Civil Procedure 4(f)(3). *Id.* at 6-9. According to Plaintiff, the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention") does not prohibit email service, and email service on Defendant is warranted on public policy grounds. *Id.* at 9-12. Legal issues that bear on Plaintiff's motion for alternative service are currently pending before the Court of Appeals for the Second Circuit in *Smart Study Co., Ltd. v. Acuteye US*, No. 22-1810 (2d Cir. Aug. 18, 2022). The Court finds it in the balance of the interests in this case that this matter be STAYED pending resolution of *Smart Study*.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 4(f)(3), "an individual in a foreign country" may be served "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (quoting *RSM Prod. Corp. v. Fridman*, No. 06-CV-

11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007)); *see also In re S. Afr. Apartheid Litig.*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) ("A court is afforded wide discretion in ordering service of process under Rule 4(f)(3)." (footnote and quotations omitted)). Plaintiff does not dispute that China is a signatory to the Hague Convention. *See* Pl.'s Br. 10. In *Smart Study*, Judge Woods held that "service via email on litigants located in China is not permitted by the Hague Convention." *Smart Study Co., Ltd. v. Acuteye-Us*, No. 21-CV-5860 (GHW), 2022 WL 2872297, at *7 (S.D.N.Y. July 21, 2022).

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to enter a stay, "courts in this [D]istrict consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). "The power to stay proceedings can be exercised *sua sponte*." *Cracco v. Vance*, No. 14-CV-8235 (PAC), 2018 U.S. Dist. LEXIS 34546, at *4 (S.D.N.Y. Mar. 2, 2018).

This Court finds that the balance of interests in this case favors a stay.[1]  First, a stay is in Plaintiff's interest, as the forthcoming decision from the Second Circuit will clarify whether or when Plaintiff may seek a default judgment against Defendant, should Defendant fail to appear.  *See Off-White LLC v. AEUNZN*, No. 21-CV-09613 (JLR), 2023 WL 199483, at *2 (S.D.N.Y. Jan. 17, 2023); *FoxMind Can. Enters. Ltd. v. Badouyu Intelligent Iot Tech. (Suzhou) Co.*, No. 22-CV-0885 (VSB), 2022 WL 17812661, at *2 (S.D.N.Y. Dec. 7, 2022); *Allstar*, 2022 WL 17324939, at *1.  If the Court permitted Plaintiff to serve Defendant by email in this case and "Plaintiff . . . move[d] for a default judgment, the Court [might] find that email service was improper under the Hague Convention, meaning that it lack[ed] personal jurisdiction over the [Defendant]"—and therefore, that it lacked jurisdiction to enter a default judgment.  *Allstar*, 2022 WL 17324939, at *1 (summarizing plaintiff's argument for a stay pending a decision in *Smart Study* and finding that a stay was in plaintiff's interest, as "[c]larification from the Second Circuit will offer guidance to Plaintiff on how and whether it may serve the motion for default judgment").

Second, "[i]t is in Defendant['s] interest[] that default not be entered before the Second Circuit clarifies Defendant['s] rights under the Hague Convention and [the] Federal Rules of Civil Procedure."  *Off-White*, 2023 WL 199483, at *2 (quoting *FoxMind*, 2022 WL 17812661, at *2).  Third, "it is in the interest of the Court to receive clarity on whether alternative service via email

---

[1] Plaintiff asserts that the pending appeal in *Smart Study* "should not [a]ffect this Court's decision," because "that case has not been decided" and "is distinguished from this one."  Pl.'s Br. 9 n.3.  It is well-settled that a court may stay an action "pending resolution of independent proceedings which bear upon the case."  *Allstar Mktg. Grp., LLC v. akrondh*, No. 21-CV-3621 (JPO), 2022 WL 17324939, at *1 (S.D.N.Y. Nov. 29, 2022) (quoting *Goldstein v. Time Warner N.Y.C. Cable Grp.*, 3 F. Supp. 2d 423, 437-38 (S.D.N.Y. 1998)) (noting that "[t]hough *Smart Study Co.* and this case are not related matters, a stay is appropriate").  This "does not require that the issues in such proceedings are necessarily controlling of the action before the court."  *Id.* (quoting *Goldstein*, 3 F. Supp. 2d at 438).

[i]s sufficient to give it personal jurisdiction over the [D]efendant[]." *Allstar*, 2022 WL 17324939, at *1. The fourth and fifth factors considered by courts in this District also favor a stay, as "[i]t is in the interests of non-parties and the public that the Second Circuit clarify the treaty obligations of the United States and the People's Republic of China for purposes of service under the Hague Convention," *Off-White*, 2023 WL 199483, at *2, and "minimize the possibility of conflicts between different courts," *Allstar*, 2022 WL 17324939, at *1 (quoting *Bahl v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech.*, No. CV 14-4020 (AKT), 2018 WL 4861390, at *4 (E.D.N.Y. Sept. 28, 2018)).

This Court therefore concurs with other courts in this District, including in cases involving this Plaintiff, that have recently stayed proceedings against defendants in China, pending resolution of *Smart Study*, where plaintiffs sought alternative service via email. *See*, *e.g.*, *Off-White*, 2023 WL 199483, at *1-2; *FoxMind*, 2022 WL 17812661, at *1-2; *Allstar*, 2022 WL 17324939, at *2; *see also* Pl.'s Br. 9 n.3 (acknowledging that one of Plaintiff's cases in this District, *Cawthon v. Zeng*, No. 22-CV-2895 (JPC), has been stayed pending the Second Circuit's decision in *Smart Study*).

## CONCLUSION

The Clerk of Court is directed to mark this case as STAYED and to terminate Plaintiff's pending motion at ECF No. 15. **Within seven days** of the Second Circuit's decision in *Smart Study*, No. 22-1810, Plaintiff is directed to file a letter providing a status update on this case, including whether the stay should be lifted and whether Plaintiff intends to continue prosecuting this case. If Plaintiff wishes to serve Defendant pursuant to the Hague Convention, Plaintiff may file a letter requesting that the Court lift the stay.

SO ORDERED.

Dated: April 5, 2023
       New York, New York

                                                               JENNIFER H. REARDEN
                                                               United States District Judge