UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT CAWTHON<br><br>       Plaintiff,<br><br> -against-<br><br>YAOYAGE<br><br>       Defendant. | 22-CV-7279 (JHR) (RFT)<br><br>**OPINION AND ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On December 26, 2023, Plaintiff Scott Cawthon, who alleges, among other claims, copyright infringement against Defendant Yaoyage, filed his second motion for alternative service pursuant to Fed. R. Civ. P. 4(f). (*See* ECF 23, Plf.'s Second Mem. To Serve.)[1] He seeks to serve Defendant, which he believes is located in China, by email. On December 28, 2023, Judge Jennifer H. Rearden referred this case to Magistrate Judge Valerie Figueredo for general pretrial purposes, including scheduling, discovery, settlement, and non-dispositive motions. On December 29, 2023, the referral was reassigned to me. For the reasons set forth below, Plaintiff's motion is DENIED without prejudice to renewing it if Plaintiff can establish reasonable

---

[1] On December 19, 2022, Plaintiff filed a motion for substitute service via email, pursuant to Federal Rule of Civil Procedure 4(f). (*See* ECF 15.) On April 5, 2023, the Court stayed the case pending the Second Circuit's consideration in *Smart Study Co., Ltd. v. Acuteye US,* No. 22-1810 (2d Cir. Aug. 18, 2022), of legal issues bearing on Plaintiff's motion for alternative service. (*See* ECF 17.) On May 3, 2023, the Second Circuit entered an order dismissing the appeal in *Smart Study* for lack of jurisdiction based on procedural grounds. On May 18, 2023, the Court lifted the stay in this case. (*See* ECF 19.) On June 1, 2023, Plaintiff refiled the motion for substitute service. (*See* ECF 20.) That motion remains pending. On December 26, 2023, Plaintiff filed a second motion for substitute service. (*See* ECF 23.)

diligence in investigating Defendant's physical address, so that the Hague Convention governing international service no longer applies.

Plaintiff argues that the Hague Convention does not apply where, as here, "the address of the person to be served is not known to the party serving process," *Cengage Learning, Inc. v. Xuhong Wang*, No. 17-CV-4914 (JFK), 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017), notwithstanding diligent attempts to discover the address. (*See* ECF 23 at 9-12.) But as this Court explained:

> [P]laintiffs have been found to have exercised reasonable diligence to discover a physical address ... where the plaintiff researched defendant's websites associated with defendant's domain names, completed multiple Internet-based searche[s], called known phone numbers, and conducted in-person visits[;] where the plaintiff performed extensive investigation and issued subpoenas to the relevant domain registrars and email providers[;] and where a plaintiff has attempted to obtain the defendant's address in a variety of ways.

*Moonbug Ent. Ltd. v. www.blippimerch.com*, No. 23-CV-1384 (JHR), 2023 WL 2730107, at *3 (S.D.N.Y. Mar. 28, 2023) (quoting *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1391 (S.D.N.Y. 2022) (second alteration in original), *appeal dismissed sub nom Smart Study Co. v. HAPPY PARTY-001*, 2023 WL 3220461 (2d Cir. May 3, 2023)).

Like the plaintiffs in *Moonbug,* Plaintiff here has not shown that he exercised reasonable diligence in investigating Defendant's physical address. Plaintiff alleges only that he tried to send the complaint and summons by UPS tao the address provided by Defendant but that "the UPS tracking webpage appears to indicate that their [sic] was an issue with the delivery address provided"; and that he used the address verification tools from melissa Lookups and smarty.com, which "partially verified" the address provided by Defendant as a mailing address

in China at the "locality level," but which could not verify the street or street address. (ECF 23 at 10-11.)

As was the case with the plaintiffs in *Moonbug,* Plaintiff's reliance on *Kelly Toys Holdings, LLC. v. Top Department Store.* No. 22-CV-558 (PAE), 2022 WL 3701216 (S.D.N.Y. Aug. 26, 2022) to establish the reasonableness of his diligence in investigating Defendant's address is misplaced. The Court in *Moonbug* explained that the plaintiff in *Kelly Toys*:

> established reasonable diligence through more than reviewing addresses or company names displayed on defendants' websites. Specifically, the *Kelly Toys* plaintiff dispatched a "private investigator ... to each of [the shipping label's return] addresses" and even "reached out to [the shipping company's] counsel."

*Moonbug,* 2023 WL 2730107, at *3 (quoting *Kelly Toys,* 2022 WL 3701216, at *3, *6); *see also Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) (finding reasonably diligent efforts where the plaintiff sent a private investigator to the supposed address in the foreign country). No such steps have been taken here. The other cases on which Plaintiff relies are similarly unavailing. He did not, like the plaintiff in *Prediction Co. LLC v. Rajgarhia*, contact Defendant's local counsel. *See Prediction Co. LLC v. Rajgarhia*, No. 09-CV-7459 (SAS), 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010). And he has not alleged that Defendant is operating surreptitiously and concealing its identity. *See Microsoft Corp. v. Does*, No. 12-CV-1335 (SJ) (RLM), 2012 WL 5497946, at *1 (E.D.N.Y. Nov. 13, 2012). Plaintiff's efforts to find Defendant's address therefore do not meet the reasonable diligence standard and so the Hague Convention applies.

Since the Hague Convention applies, Plaintiff may not use an alternative service method that is prohibited by the Convention. *See* Fed. R. Civ. P. 4(f)(3) (alternative service may not be "prohibited by international agreement"). China has objected to the Hague Convention's

provisions permitting service by postal mail; and the Supreme People's Court of China takes the position that this objection extends to service by email. *See Smart Study*, 620 F. Supp. 3d at 1395. Thus, email service is "prohibited by international agreement [and] is impermissible under Rule 4(f)(3)." *Id.* at 1392.

If Plaintiff wishes the Court to grant permission to serve by email, he first must make a more robust effort to ascertain Defendant's address. Accordingly, his original motion for alternative service and his second motion for alternative service pursuant to Fed. R. Civ. P. 4(f) are DENIED without prejudice to renewing the motion for alternative service if he can, in the future, demonstrate reasonable diligence in trying to determine Defendant's address.

DATED:  January 9, 2024
         New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge