UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT CAWTHON<br><br>    Plaintiff,<br><br> -against-<br><br>YAOYAGE<br><br>    Defendant. | 22-CV-7279 (JHR) (RFT)<br><br>**OPINION AND ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff Scott Cawthon's third motion for alternative service pursuant to Rule 4(f). (*See* ECF 27, Third Mot. To Serve by Email.) For the reasons set out below, that motion is DENIED.

**Background**

On January 9, 2024, I issued an order denying Plaintiff's first and second motions for alternative service pursuant to Federal Rule of Civil Procedure 4(f) on Defendant Yaoyage. (*See* ECF 25, Opinion and Order.) Plaintiff had sought to serve Defendant, which he believes is located in China, by email. In my order denying the first and second motions for alternative service, I stated:

> If Plaintiff wishes the Court to grant permission to serve by email, he first must make a more robust effort to ascertain Defendant's address. Accordingly, his original motion for alternative service and his second motion for alternative service pursuant to Fed. R. Civ. P. 4(f) are DENIED without prejudice to renewing the motion for alternative service if he can, in the future, demonstrate reasonable diligence in trying to determine Defendant's address.

(*Id.*) Plaintiff lodged no objections to that order.

On February 5, 2024, I issued an order to show cause why I should not recommend that this case be dismissed in light of the fact that Defendant still had not been served over 17

1

months after Plaintiff filed this case. (*See* ECF 26, Order To Show Cause.) On February 12, 2024, Plaintiff responded to the order to show cause by filing his third motion for alternative service by email. (*See* ECF 27, Third Mot. To Serve by Email.) He did not describe any additional efforts he made to locate Defendant's address; instead, he reiterated his arguments from his first and second motions for alternative service.

## Legal Standard and Analysis

Federal Rule of Civil Procedure 72(a) provides: "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the [magistrate judge's] order not timely objected to." Fed. R. Civ. Pro 72(a). Plaintiff's filing of a third motion for alternative service, after failing to object to my order denying his first and second motions for alternative service, is a transparent effort at an end run around Rule 72(a). Nevertheless, I address Plaintiff's arguments.

Plaintiff argues that his case is like *Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22 CIV. 558 (PAE), 2022 WL 3701216, at *1 (S.D.N.Y. Aug. 26, 2022), in which this Court found the plaintiff had made diligent efforts to obtain the defendant's address and therefore permitted alternative service, and unlike *Moonbug Ent. Ltd. v. www.blippimerch.com*, No. 23-CV-1384 (JHR), 2023 WL 2730107, at *3 (S.D.N.Y. Mar. 28, 2023), in which the Court denied the plaintiff's request for alternative service because the plaintiff had not made diligent efforts to obtain the defendant's address. (*See* ECF 27-1, Memo. at 8.) I disagree.

Plaintiff contends that the *Moonbug* plaintiff attempted to ascertain the alleged infringer's address only by conducting basic internet searches, and that Plaintiff here made more robust efforts by use of the address verification tools from melissa Lookups and

smarty.com. (*See id.* at 9.) He goes on to posit that his use of those address verification tools is comparable to the *Kelly Toys* plaintiff's hiring of a private detective to visit possible addresses for the defendant in China. (*See id.*) But using address verification tools does not involve much more effort than performing basic internet searches, and it requires significantly less effort than retaining an investigator on the ground in a foreign country to try to locate an alleged infringer's place of business. Plaintiff's efforts are much closer to the *Moonbug* plaintiff's insufficient attempts than to the *Kelly Toys* plaintiff's diligent efforts to locate the addresses of the defendants in those cases.

Plaintiff goes on to suggest that he has a more limited obligation to investigate Defendant's physical address because Defendant certified that address in connection with the Amazon dispute-resolution protocol (*see id.* at 11), but he cites no support for this position, and I have been unable to locate any.

Plaintiff, citing *Microsoft Corp. v. Does*, No. 12-CV-1335 (SJ) (RLM), 2012 WL 5497946, at *2 (E.D.N.Y. Nov. 13, 2012), also argues that he should be permitted to use email service because Defendant has been operating "surreptitiously" and made efforts to conceal its identity. (*Id.* at 10-11.) But in *Microsoft*, the defendants were successful cybercriminals who used sophisticated mechanisms to mask their identities; the court noted that the plaintiffs spent months diligently trying to determine the location of the defendants and were able to discover only that the general vicinity where they likely resided. *See id.* Using complicated computer technology to hide one's location and identity is completely different from providing an incorrect address on an Amazon form; while the former suggests concealment efforts that could support a conclusion that the defendant's address is unknown, the latter does not.

Indeed, this Court rejected Plaintiff's argument in another case that service of process by email should be allowed based on a form filed in connection with Amazon's dispute resolution form because parties selling allegedly infringing products on Amazon portal commonly provide false addresses to evade liability. As Judge Liman explained:

> Whether or not false information was provided, without more, has no bearing on the applicability of a foreign treaty to which the United States is a signatory. And should Defendant's address as provided in the Counter Notice prove to be fictitious, and should its actual address not be ascertainable through reasonable diligence, then the Hague Convention might not apply. *See Smart Study* [*Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390 (S.D.N.Y. 2022)] ("The Hague Convention does not apply 'where the address of the person to be served with the document is not known.'" (quoting *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, [No. 14-CV-1112 (VSB)], 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018))), [*appeal dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001*, No. 22-1810-CV, 2023 WL 3220461 (2d Cir. May 3, 2023)]; Convention Done at the Hague art. 1, November 15 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; *see also Shen*, 2018 WL 4757939, at *4 (collecting cases) ("Courts in this Circuit have found an address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." (internal quotation marks omitted)); *Kelly Toys Holdings, LLC. v. Top Dep't Store*, 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (same).

*Cawthon v. Zhousunyijie*, No. 22-CV-3021 (LJL), 2023 WL 6929185, at *7 n.4 (S.D.N.Y. Oct. 18, 2023).

In *Zhousunyijie*, Plaintiff subsequently made a further effort to find out the defendant's physical address: attempting to mail the complaint and summons to the address provided (the mail was undeliverable) and using address verification websites to verify the address provided (the address could not be verified). Judge Liman found that, based on these efforts, Plaintiff had exercised reasonable diligence to verify the defendant's physical address and therefore allowed service by email. *See Cawthon v. Zhousunyijie*, No. 22-CV-3021 (LJL) (Nov. 3, 2023).

There is a difference, however, between the circumstances of this case and *Zhousunyijie.* In *Zhousunyijie*, Plaintiff had hit a dead end in his efforts to locate the defendant's physical address. The mail service was unable to deliver to the address provided and the address verification websites were entirely unable to verify that address. *See id.* Therefore, Plaintiff had no lead to provide a private investigator as to where in China the *Zhousunyijie* defendant was located. That is not the case here: address verification websites were able to partially verify the address provided to the "locality level," even though the websites could not confirm whether the address contained a legitimate street or street address in China. (ECF 27-1, Third Mot. To Serve by Email at 6.) Plaintiff has a starting place for further investigation, and a diligent effort to ascertain Defendant's address would require him to pursue that lead. *See Moonbug*, 2023 WL 2730107, at *3.

Because I conclude that Plaintiff's efforts to find Defendant's address do not meet the reasonable diligence standard, the Hague Convention applies. *See Shen*, 2018 WL 4757939, at *4. Therefore, Plaintiff may not use an alternative service method that is prohibited by the Convention. *See* Fed. R. Civ. P. 4(f)(3) (alternative service may not be "prohibited by international agreement"). China has objected to the Hague Convention's provisions permitting service by postal mail, and the Supreme People's Court of China takes the position that this objection extends to service by email. *See Smart Study*, 620 F. Supp. 3d at 1395. Thus, email service is "prohibited by international agreement [and] is impermissible under Rule 4(f)(3)." *Id.* at 1392.

5

## Conclusion

For the foregoing reasons, Plaintiff's third motion for alternative service is DENIED. Plaintiff has until March 4, 2024 to either effect service on Defendant or renew his motion for alternative service based on additional efforts to locate the physical address of Defendant. <u>If Plaintiff does not do so, or if he files a renewed motion for alternative service and I conclude that his additional efforts to locate the physical address of Defendant do not qualify as diligent efforts to locate that address, I will issue a report and recommendation to Judge Rearden recommending that the Complaint be dismissed without prejudice pursuant to Rule 4(m) for failure to serve Defendant within 90 days of the filing of this suit</u>.

DATED:  February 14, 2024
         New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge