UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT CAWTHON, | |
| Plaintiff, | 22 Civ. 7279 (JHR) (RFT) |
| -v.- | ORDER ADOPTING REPORT AND RECOMMENDATION |
| YAOYAGE., | |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

On August 25, 2022, Plaintiff Scott Cawthon brought this copyright infringement action against Defendant Yaoyage pursuant to the Copyright Act, 17 U.S.C. §§ 106, 501.  ECF No. 1. Before the Court is the Report and Recommendation of Magistrate Judge Robyn F. Tarnofsky, ECF No. 51, recommending that Plaintiff's motion for a default judgment be denied for lack of personal jurisdiction.  *Id.* at 17.  The Court has examined the Report and Recommendation and notes that no objections have been filed.  For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Tarnofsky's recommendation.

BACKGROUND[1]

Plaintiff created and owns the intellectual property arising from the *Five Nights at Freddy's* ("FNAF") franchise of video games and novels.  ECF No. 1 (Compl.) ¶ 11.  Plaintiff has more than 200 registered copyrights relating to that franchise (the "Copyrights").  *Id*. ¶ 15.  Fourteen Copyrights are at issue in this case.  *Id.* at ¶ 16; ECF Nos. 1-1-15.  Plaintiff licenses the FNAF characters, including the characters that are the subject of the Copyrights, through a licensing entity; the licensed FNAF characters are used on a variety of merchandise.  *See* Compl. ¶¶ 17, 19. Defendant sold unlicensed FNAF merchandise on Amazon.com ("Amazon").  *See id*. ¶¶ 23-24.

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed.  *See* ECF No. 51.

1

Defendant "marketed and sold [Infringing Products] that copy, embody, or constitute derivative works of [] the Copyrights" without the addition of any transformative elements. *Id.* at ¶¶ 25, 31. Defendant did not have a license to produce, sell, or promote the Infringing Products; nor did Defendants pay royalties to, or request permission from, Plaintiff for the use of the Copyrights. *See id.* ¶¶ 28, 30.

"On or about August 9, 2022, Plaintiff submitted a [Notice] to Amazon pursuant to the [Digital Millennium Copyright Act] to request [that Amazon] remove" the allegedly infringing product sold by Defendant on Amazon's platform. Compl. ¶ 32. On or about August 11, 2022, "Defendant filed a counter-notification, issued under 17 U.S.C. § 512(g)(3)(d) (the 'Counter-Notice')." *Id.* ¶ 34. As explained in the Report and Recommendation, "[a] DMCA counter notification, or counter-notice, is a written communication sent to the service provider by a subscriber whose materials were removed in response to a take-down notice." ECF No. 51 at 3. The counter notification asserts, among other things, the subscriber's "good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled." *Id.* at 3 n.2 (citing 17 U.S.C. § 512(g)(3)(C)). Typically, it must include "a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the [subscriber's] address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found." 17 U.S.C. § 512(g)(3)(D). The Counter Notice here did not include any such statement. *See* ECF No. 21-1 (identifying deficiencies in Counter Notice).

The Honorable Ronnie Abrams, to whom this case was initially assigned, set an initial pretrial conference for November 4, 2022. ECF No. 8. Defendant did not appear, and Judge Abrams adjourned the conference "until a later date" and asked the Plaintiff to "file a letter on the docket proposing next steps in this matter" by November 7, 2022. ECF No. 10. On November 8,

2022, Plaintiff informed the Court that it had not yet been able to serve the Defendant.  ECF No.11. Plaintiff elaborated that he had "encountered significant difficulties in attempting to serve similarly situated foreign defendants residing in China in other cases" and was "evaluating his options and considering how best to proceed."  *Id*.  Judge Abrams ordered Plaintiff to "notify the Court whether service has been effected by no later than November 23, 2022."  ECF No. 12.

On November 21, 2022, Plaintiff informed the Court that he "intend[ed] to move for substitute service . . . since defendant is a foreign individual residing in China." ECF No. 13.  On December 16, 2022, Plaintiff filed his motion for substitute service, ECF No. 15.  On January 18, 2023, the case was reassigned to this Court.

On April 5, 2023, the Court stayed the case pending resolution of an appeal before the Second Circuit in *Smart Study Co., Ltd. v. Acuteye US*, No. 22-1810 (2d Cir. Aug. 18, 2022), which involved similar "[l]egal issues that [would] bear on Plaintiff's motion for alternative service." ECF No. 17.  On May 18, 2023, after the Second Circuit had "entered a summary order dismissing *Smart Study* [] for lack of jurisdiction," the Court granted Plaintiff's request, ECF No. 18, to "lift the stay and [] move for substitute service."  ECF No. 19.  On June 1, 2023, Plaintiff renewed his motion for alternative service.  ECF Nos. 20, 21.

On December 28, 2023, the case was referred to the designated Magistrate Judge for general pretrial purposes.[2]  ECF No. 24.  On January 9, 2024, Judge Tarnofsky denied Plaintiff's motion for alternative service "without prejudice to renewing it if Plaintiff c[ould] establish reasonable diligence in investigating Defendant's physical address, so that the Hague Convention governing international service no longer applie[d]."  ECF No.  25.

---

[2] While Magistrate Judge Valerie Figueredo was initially assigned to the case, on December 29, 2023, the case was reassigned to Judge Tarnofsky.

On February 5, 2024, Judge Tarnofsky ordered Plaintiff to show cause "why [she] should not recommend to [the Court] that this case be dismissed for failure to prosecute." ECF No. 26. On February 12, 2024, Plaintiff filed his third motion for alternative service. ECF No. 27. On February 14, 2024, Judge Tarnofksy denied the motion again because Plaintiff "did not describe any additional efforts [] made to locate Defendant's address," as Judge Tarnofksy had directed. ECF No. 29.

On March 4, 2024, Plaintiff informed the Court that it had "attempt[ed] to retain a genuine private investigator in China in order to ascertain Defendant's real mailing address or otherwise serve the defendant with process." ECF No. 30. Plaintiff also requested additional time. *Id.* Judge Tarnofksy granted the request and gave Plaintiff until April 6, 2024 to renew his motion for alternative service. ECF No. 31. Upon Plaintiff's application, ECF No. 32, the Court then extended the deadline to May 6, 2024. ECF No. 32. Judge Tarnofksy subsequently granted two more requests, extending Plaintiff's time to serve Defendant or renew his motion for alternative service to July 8, 2024. ECF Nos. 35, 37.

On July 8, 2024, Plaintiff renewed his application for alternative service. ECF No. 38. On July 15, 2024, Judge Tarnofksy granted Plaintiff's application to "effect email service on Defendant." ECF No. 39 at 4. Plaintiff served Defendant on July 16, 2024, making Defendant's deadline to respond August 6, 2024. ECF No. 40; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").

After Defendant failed to respond, upon Plaintiff's application, ECF No. 42, the Clerk of Court issued a certificate of default on August 22, 2024. ECF No. 44. On February 11, 2025, Plaintiff moved for a default judgment. ECF Nos. 45. On May 16, 2025, the Court referred the motion to Judge Tarnofksy for a report and recommendation. ECF No. 47.

4

On June 17, 2025, Judge Tarnofksy issued an order noting that "Plaintiff previously filed . . . correspondence with Amazon identifying deficiencies in Defendant's Counter-Notice, including that Defendant did not consent to the jurisdiction of any district in which the service provider, in this case, Amazon, can be found."  ECF No. 48.  Judge Tarnofsky observed that, "[o]n nearly identical facts in another case brought by Plaintiff, the Court determined that this District did not have personal jurisdiction over Defendant."  *Id.* (*citing Cawthon 2 v. Lishuang*, No. 22 Civ. 7381 (JGLC) (SLC), 2024 WL 3813879 (S.D.N.Y. July 19, 2024)).  Judge Tarnofksy ordered Plaintiff to file a memorandum "addressing whether this Court ha[d] personal jurisdiction over Defendant in this action" by June 24, 2025.  *Id.*  Plaintiff made his submission accordingly and acknowledged that Defendant had "failed to include [] consent to jurisdiction in [the] Counter-Notice."  ECF No. 49 at 2.

On August 12, 2025, Judge Tarnofksy issued a sixteen-page Report and Recommendation recommending that Plaintiff's motion for a default judgment be "DENIED for lack of personal jurisdiction over Defendant and that this action [] be DISMISSED without prejudice."  ECF No. 51 at 17.  Judge Tarnofksy determined that "the Counter-Notice [] was not effective because it lacked the requisite statement regarding Defendant's consent to jurisdiction of this Court," *id.* at 14 (cleaned up), and that "Plaintiff [had] alleged nothing to establish that Defendant sold or shipped infringing products to New York," *id* at 15 (cleaned up).  The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file written objections."  *Id*. at 17.  The Report and Recommendation also cautioned that "FAILURE TO OBJECT WITHIN FOURTEEN DAYS W[OULD] RESULT IN WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW."  *Id*. at 18.  No objections have been filed, nor has any extension of time to file objections been requested.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections and w[ould] preclude appellate review," ECF No. 51 at 18, Plaintiff did not file any objections to the Report and Recommendation. Thus, Plaintiff waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear

6

error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at \*1.

For the foregoing reasons, the Court denies Plaintiff's motion for a default judgment for lack of personal jurisdiction and dismisses the case without prejudice.

The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated:  March 30, 2026
        New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

7